UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ANTHONY MOREIRA,

                      Plaintiff,

       -against-

CITY OF NEW YORK; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                    Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

13 CV 3296 (JBW)(CLP)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Anthony Moreira ("plaintiff" or "Mr. Moreira") is a resident of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11.     At approximately 2:30 a.m. on October 27, 2012, plaintiff was lawfully in his vehicle in the vicinity of 22 Hinsdale Street in Brooklyn, New York.

12.     Mr. Moreira had put his seat belt on and was about to drive a friend home when a police vehicle drove past his car, slammed on its breaks causing a loud screeching noise and aggressively reversed, stopping short next to plaintiff's vehicle.

13.     Defendant officers screamed for Mr. Moreira to "get the fuck out of the car."

14.     Startled by defendants' conduct, Mr. Moreira froze, to which defendant officers screamed, "get the fuck out of the car before we drag you out."

15.     Fearful, Mr. Moreira exited the vehicle.

16.     Defendants unlawfully searched plaintiff. When Mr. Moreira asked what was going on, defendants again told him to "shut the fuck up."

17.     Defendants told Mr. Moreira he was drunk and forced him to undergo multiple coordination tests. Mr. Moreira complied and, having had no alcohol that day or the prior day, was able to perform the tests.

18.     Without probable cause or reasonable suspicion to believe he had committed any crime or offense, defendants handcuffed Mr. Moreira and took him to the 75th Precinct.

19.     After several hours in a cell, Mr. Moreira was then taken to a facility in

Staten Island where a Breathalyzer test was administered. The result confirmed that plaintiff had no alcohol in his system.

20. Mr. Moreira was taken back to the 75th Precinct.

21. After spending approximately fifteen hours in custody, Mr. Moreira was released.

22. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

23. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

25. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

28. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Failure To Intervene

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

31. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### *Monell*

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

35. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

36. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

37. The City, at all relevant times, was, upon information and belief, aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

38. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:    July 12, 2013
          New York, New York

                            HARVIS WRIGHT
                            SALEEM & FETT LLP

                            _____
                            Baree N. Fett
                            305 Broadway, 14th Floor
                            New York, New York 10007
                            (212) 323-6880
                            bfett@hwsflegal.com

                            *Attorney for plaintiff*